### In re PETITION OF SELIK.

1. CORPORATIONS—PARTIES.

An equity standing in the names of one of the stockholders of a corporation and his brother, which, in a deal resulting in an assignment thereof by the brothers and their wives to another corporation, was treated as the property of the corporation, must be so treated in litigation between the corporations to determine the nature of the conveyance, and therefore the brother is not a necessary party thereto.

2. MORTGAGES—DEED AS MORTGAGE—EVIDENCE.

Parol evidence is admissible in equity to establish that a deed absolute on its face is actually a mortgage.

3. SAME—ASSIGNMENT TO SECURE INDEBTEDNESS MORTGAGE RATHER THAN ABSOLUTE CONVEYANCE.

Evidence showing that assignors of an equity were intimate friends with the stockholders of the assignee, a close corporation, that the equity was worth much more than the amount

On admissibility of parol evidence that a written instrument which on its face imports a complete transfer of a legal or equitable title or interest in property was intended as a mortgage, see annotation in L. R. A. 1916B, 18.

advanced by the assignee, and that the assignment provided for the payment of any other liability in addition to the amount owing when it was made, *held,* sufficient to establish that the assignment was in the nature of a mortgage rather than an absolute conveyance.

Appeal from Wayne; Mandell (Henry A.), J. Submitted January 8, 1929. (Docket No. 6, Calendar No. 32,981.) Decided March 29, 1929.

Voluntary dissolution proceedings of the Joseph L. Selik Tool Company, a Michigan corporation. From an order sustaining exceptions by the Riverside Machinery Depot, a corporation, to a report of circuit court commissioner's finding (that a certain conveyance absolute in form amounted to a mortgage), petitioners Joseph L., Rose, and Rebecca Selik, all of the stockholders of the corporation, appeal. Reversed and remanded.

*Retan, Benjamin & Quay,* for appellants.

*Samuel J. Rhodes,* for appellee.

FELLOWS, J. The Joseph L. Selik Tool Company, a corporation, was a family affair, owned and controlled by the Seliks. The Riverside Machinery Depot, a corporation, was also a family affair, owned and controlled by the Goldmans. The Seliks and the Goldmans were close friends. The Selik company bought machinery from the Riverside company. The Riverside company seems to have been quite prosperous; the Selik company did not fare so well and was in need of money. An equity upon which substantial payments had been made stood in the name of Joseph L. Selik and his brother Bernard W. After negotiations, the nature of which are in dis-

pute, Joseph L. and Bernard W. and their wives executed an assignment of their equity to the Riverside company and the parties signed the following instrument:

"Detroit, Michigan, January 4th, 1923.

"We, the Riverside Machinery Depot, a Michigan corporation, hereby agree to assign and transfer their interests in contract dated November 20th, 1916, and assigned to them on January 4th, 1923, covering property known as lot 306 and easterly 15 feet of lot 305 of Crossman and McKay's subdivision, commonly known as Nos. 44 and 46 Hogarth Avenue, City of Detroit, County of Wayne, State of Michigan, to Joseph L. Selik Tool Company, provided the Joseph L. Selik Tool Company pay to the Riverside Machinery Depot, the sum of twenty-five hundred ($2,500) dollars, which is the amount advanced on this contract together with interest. Also including any other liabilities that might be due the Riverside Machinery Depot from the Joseph L. Selik Tool Company.

"The above amount specified to be paid in instalments of five hundred dollars ($500) every three months, and in any event, to be paid in full not later than January 4th, 1924.

　　　　　　　　　　"RIVERSIDE MACHINERY DEPOT.
"Accepted:　　　　　　　　　"Per L. GOLDMAN.
"JOSEPH L. SELIK TOOL CO.,
"JOSEPH L. SELIK, Pres."

Five hundred dollars was credited on the Selik company's account, and the Riverside company's note for $2,000 was delivered to the Selik company, and discounted by it. The Riverside company insists the transaction was a sale with only an option back, and the Selik company insists that the transaction amounted to a mortgage from which it had a right to redeem.

A preliminary question raised by the Riverside company should be first considered. It is urged that inasmuch as Bernard W. Selik was a part owner of the equity he must be brought in as a party before the matter may be heard. He and his wife joined in the assignment, and the proof established beyond question that in making the deal the equity was treated as the property of the Selik corporation. As between the Selik company and the Riverside company, it must be so treated in the litigation. *McDonald* v. *Smith,* 139 Mich. 211.

The meritorious question in the case is whether the transaction gave the Riverside company absolute title to the equity or a mortgage upon it. This court has held in cases too numerous to cite that parol evidence is admissible in equity to establish that a deed absolute on its face was actually a mortgage. The parol testimony on this question is in direct conflict. We are not impressed by very much of it. There are, however, three outstanding facts which we think quite clearly indicate that the parties intended security for a loan rather than an outright sale. Two of these are practically without dispute in the proof, and the third appears from the instrument above quoted. They are: (1) That the Seliks and the Goldmans were intimate friends and that such friendship was of long standing; (2) that substantial payments had been made on the equity and that it was unquestionably worth between $4,700 and $4,800, and (3) that the instrument provided for payment of any other liabilities of the Selik company in addition to the $2,500 advanced when the deal was made, clearly indicating that it was given as security. These three outstanding facts convince us that the transaction made the interest of the

Riverside company that of a mortgagee, and we so hold.

Treating the Riverside company's interest as that of a mortgagee, such interest may be foreclosed. That company is entitled to what is due with interest less what it has been paid. If it has paid taxes, it should be repaid the same. It has paid up the contract price, and is entitled to that amount with interest. In short, the mortgage secures the $2,500 and all other sums due from the Selik company. What this amount is, we can not determine from this record, and the case will be remanded for an accounting and for such further proceedings as may be had which are not inconsistent with this opinion. The Selik company will have costs of this court.

North, C. J., and Fead, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.